NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAWN MARIE SAXON,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 25-467

D.C. No.
3:23-cv-01311-YY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Submitted April 13, 2026[**]
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Plaintiff-Appellant Dawn Marie Saxon appeals the district court's order

affirming the Commissioner of Social Security's denial of her applications for

disability insurance benefits and supplemental security income under Titles II and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The administrative law judge (ALJ) did not ignore critical medical evidence when assessing Saxon's residual functional capacity. The ALJ determined that Saxon was moderately limited in her ability to understand, remember, or apply information, as well as to concentrate, persist, or maintain pace, and thus noted the following nonexertional limitations, among others: "[Saxon] is limited to understanding and remembering simple instructions[,] . . . [and] limited to simple, routine, repetitive tasks and simple work related decisions." These restrictions are consistent with Saxon's limitations concerning memory, concentration, persistence, and pace as identified by Michael Leland, Psy.D., CRC (Dr. Leland) and State agency psychological consultant Sheri L. Tomak, Psy.D. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) ("An ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony.").

Nor did the ALJ err in evaluating Dr. Leland's medical opinion. ALJs are required to evaluate medical opinions for their persuasiveness, considering the opinion's "supportability" and "consistency" as "the most important factors." *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ evaluated the

persuasiveness of Dr. Leland's opinion based on the extent to which it was supported by objective medical findings and consistent with the evidence in the record, and the ALJ's conclusions are supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 791–93 (9th Cir. 2022) (explaining that an ALJ may discount a medical opinion that lacks explanation); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (reasoning that an ALJ may discount a medical opinion if the expert's descriptors are vague and fail to specify a claimant's functional limits). And finally, the ALJ was not required to recontact Dr. Leland to perform a specific functional assessment because the record was sufficient for the ALJ to render a disability determination.

2. The ALJ also did not err in discounting Saxon's symptom testimony. The ALJ determined that Saxon's testimony was inconsistent with the evidence of record, including the medical record, as well as her normal activities of daily living. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("To assess a claimant's credibility, the ALJ may consider . . . 'ordinary techniques of credibility evaluation,' 'inadequately explained failure to seek treatment or to follow a prescribed course of treatment,' and 'the claimant's daily activities.'"

(citation omitted)).

3.     The ALJ also did not err in discounting Richard Scott Bauer's lay witness testimony.[1] The ALJ determined that Bauer's statements were not consistent with Saxon's conservative treatment, the medical record, and Saxon's daily activities. Moreover, Bauer's testimony was similar to Saxon's subjective complaints, and because the ALJ offered clear and convincing reasons for rejecting Saxon's testimony, those same reasons are necessarily germane to Bauer's statements.[2] *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

**AFFIRMED.**

---

[1] Although the parties dispute whether the revised regulations have eliminated the ALJ's articulation requirement for assessing lay witness testimony, we decline to address the issue here because the ALJ offered reasons germane to Bauer's testimony.

[2] Because the ALJ did not err in discounting Saxon's and Bauer's testimony, the hypothetical posed to the vocational expert was not improper.